UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DAVID A. LONG, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD SLOAN AND ASSOCIATES, INC.,<br><br>Defendant. | Case No. 5:21-cv-00204 |

## CLASS ACTION COMPLAINT

**NOW COMES** David A. Long ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining as to the conduct of Edward Sloan and Associates, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

3.     This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

4.     Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Snyder, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

9. Defendant is a corporation organized and existing under the laws of the state of Texas.

10. Defendant maintains its principal place of business at 368 Private Road 8565, Winnsboro, Texas 75494.

11. Defendant is a debt collection agency that collects debts from consumers nationwide.

12. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. §153(39).

14. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6101.

15. At all times relevant, Plaintiff's number ending in 6101 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

16.  At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17.  Around June 2021, Plaintiff started to receive phone calls from Defendant to his cellular phone seeking to collect upon alleged medical bills stemming from an emergency visit to Cogdell Memorial Hospital, in the amount of $6,905.00 ("subject debt").

18.  At no point in time did Plaintiff provide Defendant with his cellular phone number.

19.  Immediately after the collection calls began, Plaintiff answered a telephone call while he was at work.

20.  During this telephone call, Plaintiff confirmed his address; however, he also requested that all telephone calls cease.

21.  Despite Plaintiff's request that Defendant cease its harassing collection calls, Defendant continued placing harassing collection calls to Plaintiff's cellular phone without his prior consent.

22.  Upon answering the telephone calls from Defendant, Plaintiff is met by a lengthy period of dead air and was required to say "*hello*" numerous times prior to being connected to a representative.

23.  In the telephone calls that Plaintiff does not answer, Defendant leaves a prerecorded voicemail message stating:

> "You have received this message due to a personal business matter with Edward Sloan and Associates. For further information, please return our call. 866-322-3802. You have received this message due to a personal business matter with Edward Sloan and Associates. This is the office of a debt collector and information obtained is for the purpose of collecting a debt."

24.  In total, Defendant has placed at least 20 collection calls to Plaintiff's cellular phone after Plaintiff requested that the harassing collection calls cease.

25. Defendant places its harassing collection calls from various numbers including, but not limited to: (903) 347-6810, (903) 347-6819, (866) 322-3802, and (903) 347-6813.

26. Furthermore, to date, Plaintiff has not received any written correspondence from Defendant regarding the subject debt.

## DAMAGES

27. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

28. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; the loss of battery charge; and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

29. Moreover, each time Defendant placed a phone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

30. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLASS ALLEGATIONS

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States: (a) who have an existing account with Defendant; (b) to whom Defendant or a third party acting on Defendant's behalf, placed a phone call to his/her cellular phone number; (c) utilizing an artificial or prerecorded voice; (d) in connection with a debt allegedly owed by a third party; (e) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

33. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity**

34. The exact number of members of the Putative Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

35. Upon information and belief, Defendant made phone calls to thousands of consumers who fall within the definition of the Putative Class.

36. Members of the Putative Class can be objectively identified from the records of Defendant and any affiliated vendors to be gained through targeted discovery.

**B.     Commonality and Predominance**

37.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

38.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

39.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

40.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

41.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

43.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

44.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

45.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)
### (On behalf of Plaintiff and members of the Putative Class)

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47. Defendant placed or caused to be placed no less than 20 non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

48. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on his cellular telephone.

49. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

50. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded messages used by Defendant, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

51. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

52. As pled above, Plaintiff never provided his cellular phone number to Defendant and therefore Defendant never had consent to place calls to Plaintiff's cellular phone number.

53. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

54. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

55. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

56. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Putative Class, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. An order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. Declaring that the practices complained of herein are unlawful and violate the TCPA;

c. Awarding Plaintiff and members of the Putative Class damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**
**(On behalf of Plaintiff, individually)**

a. **Violations of FDCPA §1692c**

57. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

58.     As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

59.     Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

60.     Defendant violated § 1692c(a)(1) when it placed at least 20 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient to Plaintiff.

61.     In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b. Violations of FDCPA §1692d

62.     Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

63.     § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

64.     Defendant violated §§ 1692d and d(5) when it placed at least 20 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to stop.

65.     Defendant's conduct in systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

66. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

67. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c. Violations of FDCPA §1692d

68. Pursuant to § 1692g(a) of the FDCPA, a debt collector "within **five days after the initial communication** with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice."

69. Section 1692g of the FDCPA requires debt collectors to make certain disclosures to consumers, including a consumer's right to dispute the validity of a debt. The required disclosures are commonly referred to as the "validation notice."

70. Defendant violated §1692g by failing to send Plaintiff a validation notice within five days of its initial communication with Plaintiff in mid-July 2021.

71. Accordingly, Defendant failed to provide Plaintiff with critical information required by the FDCPA.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III

**Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)**
**(On behalf of Plaintiff, individually)**

72.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

73.    Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

74.    Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

75.    Defendant's collection calls were made with the intent to harass Plaintiff and designed to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 28, 2021                Respectfully submitted,

**DAVID A. LONG**

By: /s/ *Marwan R. Daher*

Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
mdaher@sulaimanlaw.com