IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DAVID A. LONG, individually and on behalf of all others similarly situated, | § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | CASE NO. 5:21-cv-00204-H |
| v. | | |
| EDWARD SLOAN AND ASSOCIATES, INC., | | |
| Defendant. | | |

**DEFENDANT EDWARD SLOAN AND ASSOCIATES, INC.'S**

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes Paramount Recovery Systems, ("Defendant"), by and through undersigned counsel, and for its Answer to Plaintiff David Long's ("Plaintiff") Complaint ("Complaint"), states as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of Plaintiff's Complaint sets forth allegations to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 1 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendant or that Plaintiff has any viable claims against Defendant.

**JURISDICTION AND VENUE**

1

2. Paragraph 2 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over claims arising under federal law.

3. Paragraph 3 of Plaintiff's Complaint sets forth legal conclusions to which response is required. To the extent that a response is required, Defendant admits this court has supplemental jurisdiction.

4. Paragraph 4 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is appropriate in this case.

## PARTIES

5. Upon information and belief, Defendant admits Paragraph 5 of Plaintiff's Complaint.

6. No response is required to Paragraph 6 of Plaintiff's Complaint as the allegations set forth are statements of law or legal conclusions.

7. No response is required to Paragraph 7 of Plaintiff's Complaint as the allegations set forth are statements of law or legal conclusions.

8. No response is required to Paragraph 8 of Plaintiff's Complaint as the allegations set forth are statements of law or legal conclusions.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that it collects debts due to           , but otherwise denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. No response is required to Paragraph 12 of Plaintiff's Complaint as the allegations set forth are statements of law or legal conclusions.

13. No response is required to Paragraph 13 of Plaintiff's Complaint as the allegations set forth are statements of law or legal conclusions.

14. No response is required to Paragraph 14 of Plaintiff's Complaint as the allegations set forth are statements of law or legal conclusions.

## FACTUAL ALLEGATIONS

14. Upon information and belief, Defendant admits the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. No response is required to Paragraph 15 of Plaintiff's Complaint as the allegations set forth are statements of law or legal conclusions.

16. Defendant is unable to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that it called Defendant but otherwise denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendant is unable to admit or deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint at this time due to lack of knowledge.

19. Defendant is unable to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint at this time due to lack of knowledge.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that it may have left a voicemail message, but otherwise denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits that it maintains various telephone numbers, but otherwise denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

30. Defendant admits it retained counsel; but otherwise denies the remaining allegations of Paragraph 30 of Plaintiff's Complaint.

## **CLASS ALLEGATIONS**

31. No response is required to Paragraph 31 of Plaintiff's Complaint as the allegations set forth are statements of law or legal conclusions.

32. No response is required to Paragraph 32 of Plaintiff's Complaint as the allegations set forth are statements of law or legal conclusions.

33. No response is required, to the extent that a response is required, Defendant admits the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint due to lack of knowledge as to other putative of class members.

40. Defendant is unable to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint due to the lack of knowledge as to other putative class members.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant is unable to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint due to lack of knowledge; therefore, it is denied.

45. Defendant admits that Plaintiff has retained counsel but otherwise denies the allegations contained in Paragraph 45 of Plaintiff's Complaint due to lack of knowledge.

## CLAIM FOR RELIEF

### COUNT I:

**Telephone Consumer Protection Act (47 U.S.C. 227 et seq.)**
**(On behalf of Plaintiff and members of the Putative Class)**

46. No response is required to Paragraph 46 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

47. No response is required to Paragraph 47 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

48. No response is required to Paragraph 48 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

49. No response is required to Paragraph 49 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

50. No response is required to Paragraph 50 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

## COUNT II

### Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)
### (On behalf of Plaintiff, individually)

57. No response is required to Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. No response is required to Paragraph 62 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

63. No response is required to Paragraph 63 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. No response is required to Paragraph 68 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

69. No response is required to Paragraph 69 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. No response is required to Paragraph 72 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

73. No response is required to Paragraph 73 of Plaintiff's Complaint as the allegations set forth are statutes of law or legal conclusions.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

76. Defendant affirmatively alleges, in the alternative, that Plaintiff may have failed a state a claim upon which relief can be granted.

77. Defendant affirmatively alleges, in the alternative, that Plaintiff may lack standing to bring one or more of the claims alleged in the Complaint because Plaintiff has not suffered an alleged concrete and particularized injury.

78. Defendant affirmatively alleges, in the alternative, that the claims alleged in Plaintiff's Complaint may be barred by the statute of limitations.

79. Defendant affirmatively alleges, in the alternative, that any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

80. Defendant affirmatively alleges, in the alternative, that it acted in good faith at all times and acted in good faith reliance on the information provided to it by the creditor of the account.

81. Defendant affirmatively alleges, in the alternative, that claims alleged in Plaintiff's Complaint may be barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

82. Defendant affirmatively alleges, in the alternative, that Defendant did not make any false or misleading representations to Plaintiff or anyone else.

83. Defendant affirmatively alleges, in the alternative, that Plaintiff did not rely on any alleged false or misleading misrepresentations.

84. Defendant affirmatively alleges, in the alternative, that any alleged false or misleading representations, which are specifically denied, were not material.

85. Defendant affirmatively alleges, in the alternative, that Defendant did not commit any unfair, deceptive, or unconscionable acts.

86. Defendant affirmatively alleges, in the alternative, that Plaintiff has suffered no compensable damages as a result of any actions taken by Defendant.

87. Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded its reasonable attorneys' fees and costs as provided for under applicable law.

Dated: January 27, 2022

    Respectfully submitted,

    MAURICE WUTSCHER LLP

By:    *//s// Keith Wier*
      Keith Wier
      State Bar No. 21436100
      Fed. ID No. 7930
      5851 Legacy Circle, Suite 600
      Plano, Texas 75024
      Tel. (512) 949-5914
      Fax (888) 852-5729
      Email: kwier@mauricewutscher.com

    **ATTORNEYS FOR DEFENDANT EDWARD SLOAN AND ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL  60148
mdaher@sulaimanlaw.com


                                                *//s// Keith Wier*
                                                 Keith Wier